UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GERALD LOFTON,
                Plaintiff,

    -against-

DONNA ZICKEFOOSE,
Warden et al.,
                Defendants.

-------------------------------------------------------------X

ORDER TO SHOW CAUSE

12 Civ. 7409 (LTS)

LAURA TAYLOR SWAIN, United States District Judge:

    Plaintiff filed this action alleging that Defendants violated his constitutional rights by assaulting him in the Federal Correctional Institution in Fort Dix, New Jersey. Fort Dix is not in this judicial district but rather is in the District of New Jersey. *See* 28 U.S.C. § 110.

    Under the general venue provision, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Under § 1391(c), a person resides in the district where he or she lives. *See* 28 U.S.C. § 1391(c)(1).

    Plaintiff is not required to allege – and, in fact, may not know – where Defendants live. It is therefore unclear whether venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1). Venue would be proper in this District under § 1391(b)(1) only in the

Copies mailed/_____ to _Plaintiff_
Chambers of Judge Swain
10-17-2012

unlikely event that all eight Defendants live in New York, rather than in New Jersey, where Plaintiff alleges that they are employed.

Plaintiff does allege, however, that his constitutional rights were violated in Fort Dix, New Jersey. (*See* Compl. at 2.) Under 28 U.S.C. § 1391(b)(2), this case therefore could have been filed in the District of New Jersey. For these reasons, and "in the interest of justice," the Court is inclined to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Plaintiff is therefore directed to submit a brief statement addressing whether this case should be transferred to the District of New Jersey. Plaintiff may include factors such as the convenience of the witnesses and parties, the location of documents, and the weight that should be afforded to his choice of filing in this judicial district.[1] Plaintiff's statement must be filed with the Court's *Pro Se* Office within 30 days of the date of this order and must bear the same docket number as this order. If Plaintiff fails to respond to this order within 30 days, the Court will transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

LAURA TAYLOR SWAIN
United States District Judge

Dated: Oct 17, 2012
New York, New York

---

[1] Plaintiff alleges that he is currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York, (Compl. at 1), which is within the Eastern District of New York, 28 U.S.C. § 112(c).